**NORTHERN INNS LIMITED, et al., Relators,**

v.

**COUNTY OF BELTRAMI, Respondent.**

**Nos. C4–93–2429, C0–93–2430.**

Supreme Court of Minnesota.

Dec. 16, 1994.

---

3. We also note that the Trust had no statutory duty to defend the officials.

Thomas L. D'Albani, Cann, Schmidt, Haskell, D'Albani & Schueppert, P.A., Bemidji, for relators.

Timothy R. Faver, Office of the Beltrami County Atty., Bemidji, for respondent.

## OPINION

ANDERSON, Justice.

This case comes to us on certiorari from the Minnesota Tax Court on the consolidated petitions of relators, Northern Inns Limited and Northern Inns II Limited. Relators, which are both limited partnerships, respectively operate the Holiday Inn and Comfort Inn in Bemidji, Minnesota. Relators seek review of an interlocutory order of the court denying their discovery motion seeking permission to inspect documents in the possession of the City of Bemidji ("the City").[1] The documents sought are records of lodging tax revenues paid by hotels and motels located within the City for the calendar years 1991, 1992, and the first one-half of 1993. We conclude that the court's denial of relators' discovery motion was within its discretion, and we affirm.

Relators contest their January 2, 1992 property assessment imposed by respondent, County of Beltrami. They claim the Holiday Inn and Comfort Inn were unequally assessed when compared with other hotels and motels located in the City.[2] Relators seek to inspect lodging tax records,[3] asserting that information contained in those records would facilitate a comparison of the income-producing capabilities of all hotels and motels located in the City, and would allow relators to demonstrate unequal assessment through a series of calculations designed to establish the relative market values of the hotel and motel properties.

Respondent opposes the discovery request on the basis that the information sought is nonpublic data, protected from disclosure under the Minnesota Government Data Practices Act. Minn.Stat. § 13.511 (1992). Respondent further contends that even if the information sought were disclosed, the information would not form the appropriate basis for an unequal assessment claim.

█ The tax court examined the request in accordance with the two-part analysis mandated by Minn.Stat. § 13.03, subd. 6 (1992). This two-part analysis contemplates, first, determining whether the data sought is discoverable, and then, if discoverable, balancing the benefit to the party seeking access against the harm to the confidentiality interests of those affected by discovery. See *Montgomery Ward & Co., Inc. v. County of Hennepin*, 450 N.W.2d 299, 306 (Minn.1990).

The income capitalization approach to value is based on net income, which is calculated by offsetting expenses against the gross income. In support of its denial of relators' discovery motion, the tax court reasoned that review of the lodging tax data would only reveal gross income from a portion of each hotel or motel operation, and would fail to indicate any expenses. The court concluded that the lodging tax data would fail to provide information sufficient to establish a market value comparison utilizing the income approach to value. Accordingly, the court denied the discovery request as seeking information irrelevant to relators' unequal assessment claim.

---

1. We entertain review of this interlocutory order only to clarify the analysis offered by the tax court in denying the discovery request.

2. Initially, relators also asserted a claim of overassessment, but they have abandoned that claim.

3. The lodging tax is a 3% tax imposed by the City of Bemidji on the portion of hotel or motel revenue attributable to rent charged for lodging. Bemidji City Ordinance 65, § 14.02.

We affirm the tax court's exercise of its considerable discretion in discovery matters. *Jenson v. Touche Ross & Co.*, 335 N.W.2d 720, 725 (Minn.1983); *Matter of Parkway Manor Healthcare Ctr.*, 448 N.W.2d 116, 118 (Minn.App.1989). Relators have failed to demonstrate that the City's lodging tax data contains information sufficient to establish market value using the income approach. Gross revenue per room might be one relevant component of a fully-developed income approach to value, but comparing the gross revenue per room of the subject property with the gross revenue per room of other hotels and motels in the City, and then comparing property tax burdens, does not support a claim of unequal assessment. *See In re Objections to Real Property Taxes*, 353 N.W.2d 525, 530 (Minn.1984). The lodging tax data sought to be inspected, standing alone, would not establish the market values of the properties concerned and would not permit a meaningful comparison to support the unequal assessment claim. *See Anacker v. County of Cottonwood*, 302 N.W.2d 342 (Minn.1981) (stating "[i]nequality cannot be demonstrated without figures for actual market values to compare with assessed values"). Therefore, the lodging tax data is irrelevant to relators' unequal assessment claim. Moreover, even though the court determined that it was not necessary to address the benefit-harm balancing analysis of section 13.03, subdivision 6, we conclude that this record offers no basis for invading the confidentiality interests of the other taxpayers.

Affirmed.